## McNEIL *v.* STATE

[No. 148, September Term, 1961.]

*Decided December 26, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*Richard A. Reid,* with whom were *Proctor, Royston & Mueller* on the brief, for the appellant.

*Robert C. Murphy, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Frank H. Newell, III, State's Attorney for Baltimore County,* and *Paul J. Feeley, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant, convicted of breaking and entering a tavern with intent to steal goods worth at least $100, contends that there was insufficient evidence to support the conviction and to support a finding of felonious intent.

The tavern in question had been closed for business and locked up on February 7, 1961. The proprietor testified he visited the tavern on February 28, 1961, and found everything in order. Upon his next visit, March 4, 1961, he found that the cellar window had been broken out, the safe had been severely damaged, various coin-machines, a juke box, and a cigarette machine had been broken into and rifled, and eleven whiskey bottles had been taken from the shelves. A police officer testified that he found a partially empty beer bottle beside the safe from which he obtained a finger print. An expert testified that this finger print was that of the accused, and that it had been left on the bottle not more than 18 hours prior to March 4, 1961.

We think the evidence was sufficient to support the inference drawn by the trial court, that the appellant left the bottle near the safe, in the light of positive testimony by the proprietor that the bottle was not there upon his previous visit. Cf. *Debinski v. State,* 194 Md. 355, 359, and *Breeding v. State,* 220 Md. 193, 199. See also the cases collected in the note, 28 A.L.R. 2d 1115, *et seq.,* and the related note in 35 A.L.R. 2d 856-891. It is generally recognized that finger print evidence found at the scene of a crime must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime. 3 Wharton, *Criminal Evidence* (12th ed.), sec. 982; II Wigmore, *Evidence* (3rd ed.), § 414. But we find such evidence in the instant case.

The appellant was convicted on the first count of the indictment, which was clearly based upon Code (1961 Supp.), Art. 27, sec. 32. Under that section it was necessary to show an intent to steal goods of the value of $100, or more. But there was proof that the articles taken, including money taken from the cigarette machine, exceeded that amount. Although it is argued that the evidence as to the money taken from the cigarette machine was hearsay, the short answer is that it came in without objection. *Moxley v. State,* 205 Md. 507, 518. It could also be inferred, from the tampering with the safe, that the offender intended to take whatever he could get, so that a felonious intent could be inferred, even if the value of the

articles actually taken had not amounted to $100. *Holtman v. State,* 219 Md. 512, 517; *Rahe, Jr. v. State,* 222 Md. 508, 510.

*Judgment affirmed.*