## WAYNE MUSGROVE v. STATE OF MARYLAND

[No. 279, Initial Term, 1967.]

*Decided February 1, 1968.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Stanley M. Dietz* for appellant.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *James Tomes, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant, Wayne Musgrove, was convicted of daytime housebreaking and grand larceny by a jury in the Circuit Court for Montgomery County. Judge James H. Pugh, the presiding judge, thereupon imposed a general sentence of ten years in the Maryland Penitentiary.

It appears that the apartment of Julius Kristal was entered illegally during the daytime. When called by the State, Mr. Kristal testified that he left his apartment on the morning of November 19, 1965, and upon his return at approximately 5:30 P.M. that day, he found the apartment "in a shambles." Mr. Kristal testified that cash in excess of $100 was missing from the apartment and that his jewelry case had been opened and certain items of jewelry were missing therefrom. When asked about the condition of the entrance door, Mr. Kristal stated, "I wouldn't know, I didn't look at it, not anticipating anything." He also testified that keys to the apartment were possessed by himself, his wife, his nineteen year old son, and the resident manager. He indicated that on the day in question an engineer had been in his apartment for the purpose of making repairs. Neither Mrs. Kristal nor the Kristal's son were called as witnesses.

The Appellant contends, and the State concedes, that there was no evidence presented which would establish a breaking into the apartment as required by Md. Code, Art. 27, Sec. 30 (1967 Repl. Vol.), the statute under which Musgrove was indicted. We agree, and accordingly, the judgment of conviction for daytime housebreaking will be reversed.

The only evidence connecting the Appellant with the crime of larceny was his fingerprint which was found upon Mr. Kristal's jewelry case and he contends that this evidence was insufficient to sustain his conviction.

It is a sound principle of law that proof of fingerprints corresponding to those of the accused, found in the place where a crime was committed, under such circumstances that they could only have been impressed at the time the crime was committed, may be sufficient proof of identity to sustain a conviction. Wharton, *Crim. Ev.*, Vol. 3, Sec. 982, p. 480; Underhill, *Crim. Ev.*, Vol. 1, Sec. 142, p. 269. In *McNeil v. State*, 227 Md. 298, the Court of Appeals dealt with a set of facts not dissimilar from those presented in the instant case. The record there indicated that a tavern had been closed for business and locked up on February 7, 1961. The proprietor had visited the tavern on February 28, 1961, and found everything in order. When he again visited the tavern on March 4, 1961, he found that a cellar window had been broken out, that his safe had been severely damaged and that various machines had been broken into and various items had been taken from the premises. A police officer testified that he found a partially empty beer bottle beside the safe, from which bottle he had obtained a fingerprint. An expert testified that the fingerprint was that of the accused, and that it had been left on the bottle not more than eighteen hours prior to March 4, 1961. The proprietor testified that the bottle was not there upon his previous visit. The Court of Appeals held that the evidence was sufficient to support the inference of guilt drawn by the trial court, sitting without a jury. The Court stated at page 300:

"It is generally recognized that fingerprint evidence found at the scene of the crime must be coupled with evidence of other circumstances tending to reasonably

exclude the hypothesis that the print was impressed at a time other than that of the crime."

In the instant case we have only the Appellant's fingerprint on the jewelry case, with no reference to the period of time within which it had been placed there; and a statement by Mr. Kristal that he did not know the Appellant, had never seen him before and did not authorize him to go into his apartment on November 19, 1965. It should be noted that by his own testimony, Mr. Kristal admitted that he was not the only person in possession of a key to the apartment. Certainly his wife and son, whose failure to testify was conspicuous, had every right to authorize another person to enter the apartment. Moreover, it was conceded that the apartment had been occupied by a repairman during a part of the day the crime occurred.

It is true that fingerprints of an accused found in a home or apartment ordinarily would require different and perhaps less proof by the State to explain their presence than fingerprints of an accused found in premises open to the public. Nevertheless, we cannot find that the fingerprint evidence found at the scene of the crime in this case was sufficiently coupled with evidence of other circumstances reasonably tending to exclude the hypothesis that the print was impressed at a time other than that of the crime. Accordingly, the judgment will be reversed, and the case remanded for a new trial.

The Appellant also contends that the taking of his fingerprints by the police for comparison purposes was unlawful. It appears that the Appellant voluntarily surrendered to the police upon learning that there was a warrant for his arrest. He was then released on bail and advised to appear several days later for a preliminary hearing. When he appeared for the preliminary hearing his request for a postponement to enable him to retain counsel was granted. As he was leaving the Courtroom he was told by a police officer to accompany him to police headquarters for the purpose of taking his fingerprints. The Appellant contends that this constituted an illegal arrest and the fingerprints thus taken were inadmissible.

This contention is not properly before us because the only evidence of what took place is a statement by counsel for the

Appellant at a bench conference out of the presence of the jury. The police were not questioned as to the manner in which the Appellant's fingerprints were taken and the Appellant did not take the stand. But even if it should appear on retrial that the facts, properly adduced, are as stated by counsel at the bench conference, we see nothing improper in the obtention of the Appellant's fingerprints in the manner alleged, or their introduction into evidence. There is no constitutional proscription against compelling an accused to submit to fingerprinting, *Schmerber v. California,* 384 U. S. 757, at p. 764; *United States v. Wade,* 388 U. S. 218; and since the Appellant was at large on bail, we see nothing improper in the alleged procedure followed by the police in obtaining the accused's fingerprints.

*Judgment reversed and case remanded for a new trial.*