JAMES FRANK MILLS *v.* STATE OF
MARYLAND

[No. 187, September Term, 1967.]

694

*Decided April 16, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*G. Denmead LeViness* for appellant.

*Dickee M. Howard, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *George J. Helinski, Deputy State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

In this appeal the sole question is the legal sufficiency of the evidence to sustain the several convictions here involved.

On July 31, 1966, at approximately 12:15 A.M. White's Tavern, located in Baltimore City, was robbed of $265. A patron testified that he heard someone in the rear of the Tavern say that this is a robbery; he turned and faced a gunman with whom he grappled and knocked to the floor, after which the gunman ran out the door, jumped into a 1964, two-door Chevrolet sedan. The witness pursued him, observed the number on the rear license tag, and thereafter gave the tag number and a description of the car to the police. Approximately an hour later the police located the unoccupied car parked some ten blocks from the scene of the robbery. The car had been stolen; the rear license tag was different than the front tag; and the tags had been stolen from separate owners.

Another patron testified that he saw someone rifling the cash register and that there were at least two other men involved in the holdup. He was asked if he saw any of the holdup men in court and answered: "Yes, I think it is this boy over here in front of me." He was referring to Charles Thompson, the

Appellant's co-defendant who had been charged with the same offenses. The witness did not identify the Appellant.

The getaway car was processed for fingerprints and an impression of the Appellant's right little finger was lifted from inside the left front window of the car. The fingerprints of "many others" were found but the individuals were not identified. As a result, the Appellant was charged with and convicted of armed robbery, larceny of the automobile and larceny of the license tags. He was sentenced to ten years, three years and one year on the respective convictions, the sentences to run concurrently.

On August 2, 1966, at about 6:00 P.M. an officer of the Baltimore City Police Department observed two individuals and the Appellant sitting in a 1965 Ford automobile sniffing paper bags which later were determined to contain glue. After attempting to flee on foot, the Appellant and Charles Thompson were apprehended and the third individual escaped. The automobile in which the three were sitting had been stolen. The Appellant was charged with and convicted of receiving stolen goods, i.e. the stolen automobile, and he pleaded guilty to the charge of sniffing glue.[1] He was sentenced to two years and one year on the respective convictions to be served concurrently with the other sentences.

The State concedes that the only evidence to support the Appellant's convictions of the armed robbery, larceny of the 1964 Chevrolet getaway car, and larceny of the tags thereon is the fingerprint impression found on the car and a newspaper clipping found on the Appellant at the time of his arrest which described the robbery of White's Tavern. The State argues, however, that this evidence is legally sufficient to sustain the convictions. We disagree.

Recently, this Court has been called upon in several cases to discuss the application of the appropriate principles governing the use of fingerprint evidence. *Musgrove v. State,* 3 Md. App. 54; *Hannah v. State,* 3 Md. App. 325; *Lawless v. State,* 3 Md. App. 652; *McCargo v. State,* 3 Md. App. 646. In each

---

1. No complaint is made in this appeal with respect to the conviction of sniffing glue.

case we have recognized the soundness of the rule enunciated in *McNeil v. State,* 227 Md. 298, where the Court of Appeals stated:

> "It is generally recognized that fingerprint evidence found at the scene of a crime must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime. 3 Wharton, *Criminal Evidence* (12th ed.), sec. 982; II Wigmore, *Evidence* (3rd ed.), §414."

In *Lawless, supra,* Judge Orth, in speaking for this Court said:

> "From the cases considered, we think it clear that the 'fingerprint evidence found at the scene of the crime' as stated in the rule enunciated in *McNeil v. State, supra,* refers only to that evidence which proved that the print was that of the accused. Thus, the 'circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime' need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed. A latent fingerprint found at the scene of the crime, shown to be that of an accused, tends to show that he was at the scene of the crime. The attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed. If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, [footnote omitted] that the accused was the criminal agent."

Thus, the issue to be determined in the case at bar is whether the evidence of the attendant circumstances with respect to the finding of the Appellant's fingerprint shows that he was present at the time the crimes of robbery, larceny of the Chevrolet and

larceny of the tags were committed, or otherwise stated, is there present in this case, evidence of other circumstances tending to reasonably exclude the hypothesis that the Appellant's fingerprint was impressed at a time other than the time when the crimes were committed. The only evidence tending to fix the time and the circumstances under which the fingerprint impression was placed on the car was the Appellant's exculpatory explanation. He denied any part in the robbery of the tavern or the theft of the car and tags and accounted for the presence of his fingerprint on the car by asserting that about 7:00 P.M. on the evening of the robbery (some five hours before it was committed) a friend of Thompson's, who was sitting in the car, called to him and Thompson as they were walking by the car, whereupon he entered the vehicle for a few minutes while Thompson stood on the left side. After talking briefly with the individual in the car, he and Thompson left to go to the latter's sister's home. The trier of facts was not, of course, required to believe the Appellant. *Logan v. State,* 1 Md. App. 213. His explanation, on the record, nevertheless, remains uncontroverted.

Other than the Appellant's fingerprint on the getaway car, the only other evidence remotely connecting him with the robbery and the larcenies was his possession of the newspaper clipping relating to the robbery. Although the owner of the tavern and two patrons testified on behalf of the State, they were not able to identify the Appellant as one of those participating in the robbery. Thus, the robbery convictions were based solely upon circumstantial evidence. "And when guilt is based solely on circumstantial evidence, the circumstances, taken together, must be inconsistent with, or such as to exclude, every reasonable hypothesis or theory of innocence." *Vincent v. State,* 220 Md. 232.

The finding of the Appellant's fingerprint on the getaway car under the circumstances here present, accompanied by no other evidence than possession of the newspaper clipping may give rise to a strong suspicion of his guilt but do not, in our opinion, amount to circumstances which exclude every reasonable hypothesis or theory of the Appellant's innocence. Accordingly, his convictions of armed robbery, larceny of the 1964 Chevrolet automobile and the license tags will be reversed.

There remains for consideration his conviction of receiving stolen goods, i.e. the Ford automobile in which he was sitting sniffing glue at the time of his apprehension. The officer who apprehended the Appellant testified that as he approached the car, he observed two boys sitting in the front seat and the Appellant sitting in the rear seat. All were sniffing glue and all ran as he approached. The Appellant was apprehended after a short chase. On the witness stand, the Appellant asserted that he did not know that the car had been stolen; that he had been sitting in it for about a half hour prior to the officer's arrival; that he did not know who owned the car; that he had never been in the car before; and that he did not have a driver's license and did not know how to drive.

It is apparent that the only evidence produced by the State which tends to support the Appellant's conviction of receiving stolen goods was his presence in the stolen car under the foregoing circumstances. If, therefore, the conviction is to be sustained, the facts must be such as to bring the case within the well established rule that when an accused is found in unexplained and exculpatory possession of recently stolen goods, an inference of fact may be drawn which, if the circumstances revealed by the testimony so indicate, will support a conviction of receiving stolen goods. *Anglin v. State,* 244 Md. 652. Before such an inference can arise, however, the possession of the goods must be accompanied by the three essential ingredients upon which the rule is based. The evidence must demonstrate (1) that the goods were recently stolen, (2) that their possession is unexplained, and (3) that the possession is exclusive.

In the case at bar, the ownership, value and description of the stolen car were stipulated by the State and the defense. The record, however, is absolutely silent as to the date the car was stolen. Thus, one of the essential elements required by the rule is lacking in this case, i.e. there is no evidence that the car was *recently* stolen. Lacking this element, the inference of guilt is not properly supported by the facts essential to the application of the rule. Since this was the sole basis of the lower court's judgment of conviction, the conviction must be set aside. In view of our holding in this regard, it is unnecessary to determine

whether on this record the second and third requirements of the rule were satisfied by the State.

*Judgments reversed and new trial awarded.*