## LINWOOD GRAY *v.* STATE OF MARYLAND

[No. 216, September Term, 1967.]

*Decided May 13, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Karl G. Feissner,* with whom was *William L. Kaplan* on the
brief, for appellant.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Arthur A.
Marshall, Jr., State's Attorney for Prince George's County,* and
*Vincent J. Femia, Assistant State's Attorney for Prince
George's County,* on the brief, for appellee.

PER CURIAM.

The Appellant, Linwood Gray, was convicted of robbery with
a dangerous and deadly weapon by a jury in the Circuit Court
for Prince George's County, Judge Perry G. Bowen, Jr. pre-
siding, and sentenced to twenty years in the Maryland Peni-
tentiary.

The record indicates that on October 7, 1966, two men, armed
with a gun, robbed Robert E. Butler, an employee of Safeway
Food Stores, as he was approaching the store with a bag of
money which had just been obtained from a local bank. Mr.
Butler testified that the Appellant was not one of the two men
who robbed him and that the unknown robbers had fled in an
automobile driven by a third person. He could give no descrip-
tion of the driver of the car other than that he was a male. A fel-
low employee who was with Mr. Butler at the time of the robbery
also testified that the Appellant was not one of the robbers and
he could give no description of the driver of the getaway car.
Officer Charles B. Badden testified that he observed the rob-
bery and the flight from the scene in a car occupied by a driver
and two passengers. He found the car abandoned approximately
five minutes later. He could not identify any of the individuals
and could only say that "the driver of the car was a pretty big
sized man, as I remember."

The record further indicates that fingerprints corresponding to those of the Appellant were lifted from the rear view mirror and the right door of the getaway car and from a deck of cards found in the car. It was stipulated by the State and the defense that the automobile in question was the property of National Car Rental. Although the Appellant did not take the stand, an employee of National Car Rental testified that he had given the Appellant a ride in that same car during the period between September 20 and September 25, 1966, and that the Appellant had ridden in the front seat of the automobile.

Among other issues raised in this appeal, the Appellant contends that the lower court erred in denying his Motion for Judgment of Acquittal at the conclusion of the entire case since the only evidence to connect him with the robbery was fingerprint evidence.

At the trial, the State's Attorney conceded that the State's case against the Appellant rested solely upon the proposition that the Appellant had driven the getaway car and that the only evidence to sustain this contention was "One, the fingerprint of the man in the car, and, two, Mr. Badden's minuscule description of the driver of the car." The fingerprint evidence showed that the accused's right thumbprint was on the rear view mirror of the car; that he had left a single print on the right hand door of the car near the door handle; and that a number of his fingerprints were found on a deck of cards that had been found in the car. There was no evidence presented as to the probable age of the fingerprints.

It is clear that the jury could find that the Appellant had been in the subject automobile. However, in order to sustain his conviction, the evidence must also be sufficient to show, or to support a rational inference, that the Appellant was in the car at the time of the robbery.

This Court has been called upon to discuss the appropriate principles governing the use of fingerprint evidence on a number of occasions. See *Musgrove v. State,* 3 Md. App. 54; *Hannah v. State,* 3 Md. App. 325; *Lawless v. State,* 3 Md. App. 652; *McCargo v. State,* 3 Md. App. 646; *Mills v. State,* 3 Md. App. 693. In each case we have recognized the soundness of the rule enunciated in *McNeil v. State,* 227 Md. 298, where the Court of Appeals stated:

"It is generally recognized that finger print evidence found at the scene of a crime must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime. 3 Wharton, *Criminal Evidence,* (12th ed.), Sec. 982; II Wigmore, *Evidence* (3rd ed.), § 414."

In *Lawless, supra,* Judge Orth, in speaking for this Court said:

"From the cases considered, we think it clear that the 'fingerprint evidence found at the scene of the crime' as stated in the rule enunciated in *McNeil v. State, supra,* refers only to that evidence which proved that the print was that of the accused. Thus, the 'circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime' need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed. A latent fingerprint found at the scene of the crime, shown to be that of an accused, tends to show that he was at the scene of the crime. The attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed. If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, [footnote omitted] that the accused was the criminal agent."

In the case at bar, we are unable to find any attendant circumstances to show that the Appellant's fingerprint impressions on the car and the cards therein were affixed at the time the robbery was committed. There was no evidence placing the Appellant at the scene of the crime or in the vicinity thereof. There was no evidence that fruits of the robbery were found in

his possession. The FBI agent, who identified the prints as those of the Appellant, was unable to determine their age. On the contrary, it was conceded that the car was owned by National Car Rental and that it was regularly rented to members of the public. Moreover, the only testimony fixing the time the prints were made was that of an employee of National Car Rental to the effect that the Appellant had been legitimately in the automobile several weeks prior to the robbery. The jury was not required to believe this exculpatory testimony. *Bury v. State,* 2 Md. App. 674. On the other hand, it remains uncontradicted.

The finding of the Appellant's fingerprints on and in the getaway car, accompanied only by evidence that the driver was "a pretty big sized man" may constitute circumstances which give rise to a suspicion of his guilt. But "when guilt is based solely on circumstantial evidence, the circumstances, taken together, must be inconsistent with, or such as to exclude, every reasonable hypothesis or theory of innocence." *Vincent v. State,* 220 Md. 232; *Mills v. State, supra.* We cannot find from the record before us any evidence of attendant circumstances with respect to the Appellant's fingerprints which show that he was at the scene of the crime when it was committed. Otherwise stated, we find no evidence of "other circumstances," tending to reasonably exclude the hypothesis that the prints were impressed at a time other than that of the crime. Accordingly, the judgment of conviction must be reversed and the case remanded for a new trial. In awarding a new trial, we are aware of the vigorous argument presented on the Appellant's behalf that a new trial should not be granted, in the event of a reversal, but we are unpersuaded. See *Spencer v. State,* 1 Md. App. 265, 269; cf. Note, XIII Md. L. Rev. 52 (1953).

We do not reach the Appellant's other contentions in view of our finding that the evidence was legally insufficient to sustain his conviction.

*Judgment reversed and case remanded for a new trial.*