# CEDRIC RAY BRUNSON *v.* STATE OF MARYLAND

[No. 161, September Term, 1969.]

*Decided February 18, 1970.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Sandra O'Connor* and *Hilary Caplan, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant, Cedric Ray Brunson, was tried on March 17, 1969 in the Criminal Court of Baltimore by a jury, Judge Solomon Liss presiding, for daytime housebreaking. The jury found appellant guilty and he was sentenced to six years under the supervision of the Department of Correctional Services. Appellant presents three questions on appeal. They are:

1. Was there sufficient evidence to convict appellant of daytime housebreaking?
2. Should the State be bound by Rule 728, Discovery and Inspection?
3. Did the trial judge err in refusing a defense motion for mistrial?

# I

Appellant does not challenge the State's proof of the *corpus delicti* of the crime of daytime housebreaking. Appellant challenges as insufficient the quantum of proof of his criminal agency. At trial the only evidence connecting appellant to the crime was two fingerprints, positively identified as appellant's. The prints were found on the door of the house which had been broken into. One was found on the inside of the door and one was found on the outside of the door.

The Court of Appeals in *McNeil v. State*, 227 Md. 298, 176 A. 2d 338, stated the rule as to fingerprints:

> "It is generally recognized that fingerprint evidence found at the scene of a crime must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime."

This Court further referred to the statment in *McNeil* in *Lawless v. State*, 3 Md. App. 652, 241 A. 2d 155, when Judge Orth, speaking for the Court, stated:

> "From the cases considered, we think it clear that the 'fingerprint evidence found at the scene of the crime' as stated in the rule enunciated in *McNeil v. State, supra,* refers only to that evidence which proved that the print was that of the accused. Thus the 'circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime' need not be circumstances completely independent of the fingerprint, and may properly include circumstances such as the location of the print, the character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed. A latent fingerprint found at the scene of the crime, shown to be that of an accused, tends to show

4

that he was at the scene of the crime. The attendant circumstances with respect to the print may show that he was at the scene of the crime at the time it was committed. If they do so show, it is a rational inference, consistent with the rule of law both as to fingerprints and circumstantial evidence, that the accused was the criminal agent. While a defendant does not have the obligation to testify himself or to offer testimony to explain the presence of his prints, a court cannot supply evidence that is lacking. *United States v. Hayes,* 385 F. 2d 375 (4th Cir. 1967). We also feel that the rule in *McNeil* does not compel the State to negative every conceivable possibility that an accused, shown to be at the scene of a crime by his fingerprint, was present other than at the time of the commission of the crime. The fingerprint evidence, as we construe it, need be coupled only 'with evidence of other circumstances *tending to reasonably* exclude the hypothesis that the print was impressed at a time other than that of the crime' (emphasis added). The rule does not require under all circumstances in every case that the State affirmatively and conclusively prove that the accused could *not* have been there other than a time when the crime was committed. Thus, in view of the other circumstances, it may not be necessary for the State to produce evidence by *each* person who may have authority or apparent ability to admit an accused to the premises lawfully, that he did not authorize that person to enter the premises."

In addition to the *Lawless* case, this Court has considered a dozen other cases dealing with fingerprints as part of, or the sole proof of, the criminal agency of the defendant. Each case must be considered on its own facts. Contrast *Musgrove v. State,* 3 Md. App. 54, 237 A. 2d 804 and *Gray v. State,* 4 Md. App. 155, 241 A. 2d 725

with *Hannah v. State*, 3 Md. App. 325, 239 A. 2d 124 and *Thomas v. State*, 1 Md. App. 528, 231 A. 2d 915. Applying the threefold test we enunciated in *Lawless* to the instant facts, we find that the circumstances surrounding the fingerprint found on the inside of the door tend to exclude the hypothesis that the print was impressed at a time other than that of the crime. Mrs. Smelkinson testified that the door upon which the appellant's prints were found had been painted three weeks prior to the housebreaking. She further testified that she did not know appellant and had not given him or any other person permission to enter the house on the day in question. The appellant's fingerprint was found on the inside of the door, which squarely places him inside the house. Appellant did not offer any explanation why his fingerprint was found on the inside of the door to Mrs. Smelkinson's house, a private residence, not a public office. It could be argued that the general public had some access to the outside of the door upon which one of the latent prints was found, but in no way is there any evidence pointing to public accessibility to the inside of the house. In addition, no other prints were found on the door. The State having produced these circumstances, there was evidence from which the jury could draw a rational inference that the appellant was the criminal agent. Therefore, the evidence was sufficient to convict.

## II

The appellant next contends that the lower court committed reversible error in allowing Officer Gene Higdon of the Baltimore City Police Department to testify. Appellant's contention is based on the fact that the State in its answer to his motion for discovery and inspection under Maryland Rule 728 failed to include Officer Higdon's name in its list of witnesses it planned to call. At trial the State called Officer Higdon and the defense immediately objected, claiming prejudice and surprise. The court then stated to the defense that it could have one of two options, either a mistrial or a continuance. The court at the same time took notice of the fact that the

defense had informal notice that Officer Higdon would testify and the substance of his testimony for at least one day and that defense counsel had conferred with Officer Higdon. The appellant then chose not to accept either of the two alternatives proposed by the judge and stood on his objection to the officer's testimony. In *Jones v. State,* 5 Md. App. 180, 245 A. 2d 897, in which the State had omitted an officer's name from the discovery and inspection list and the defense objected, we stated:

> "Md. Rule 728 provides no sanction for the failure to include a name in the list of witnesses furnished by the State nor is there a statute providing one."

The main objective of Rule 728 is to assist the defendant in preparing his defense and to protect him from surprise. *Mayson v. State,* 238 Md. 283, 208 A. 2d 599. In the instant case the trial judge was eminently fair in offering the defense two options, both of which would have helped prepare the defense and prevent surprise, if, in fact, the defense was ever surprised. As we said in *Jones v. State, supra,* "Justice is not the private preserve of the criminal defendant, it also serves the public." The trial court was not clearly erroneous in permitting Officer Higdon's testimony.

### III

Appellant's final contention is that the trial court committed reversible error in refusing to grant a mistrial after prejudicial remarks by a State witness. Officer Gene Higdon of the Baltimore City Police Department was called by the State as a fingerprint expert. During the course of his testimony he was asked about his comparison of appellant's fingerprints and those found in the house. He stated: "I have marked off fourteen points of identification . . . Fourteen is more than sufficient . . . I have secured convictions with at least eight . . ." The defense objected at this point and the court instructed the jury to disregard the third statement. Appellant then made a motion for a mistrial, which was denied. The

granting of a mistrial is within the sound discretion of the trial court. *Chandler v. State,* 7 Md. App. 646, 256 A. 2d 695. From the record we cannot say that the statement by the officer was so prejudicial as to require a mistrial or so misleading as to confuse the jury in the light of the judge's instructions to the jury to disregard the statement made by the witness. Nor can we say that the trial judge abused his discretion in denying the motion for mistrial.

*Judgment affirmed.*