Thomas Lee **CROUCH** and Marjorie Gale Berard, Petitioners,

v.

**STATE** of Tennessee, Respondent.

Supreme Court of Tennessee.

Feb. 20, 1973.

Rehearing Denied June 18, 1973.

Hugh Stanton, Sr., Memphis, for Crouch.

J. Fred Friedman, Memphis, for Berard.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., J. Clyde Mason, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

ERBY L. JENKINS, Special Justice.

Thomas Lee Crouch and Marjorie Gale Berard, indicted for robbery with a deadly weapon, were found guilty and sentenced to serve twenty years in the state penitentiary. On appeal, the Court of Criminal Appeals affirmed the judgments of conviction, and this Court granted certiorari in the case of Marjorie Gale Berard, only.

Stephen W. Jew operated the Sun Grocery at 3746 Townes Avenue, Memphis, Tennessee. On December 7, 1970, in the late evening, Mr. Jew and his wife were in the store when, to quote Mr. Jew, "A hippie came in and handed me a note". He said the hippie had long hair and was wearing a yellow jacket and trousers. The note read, "I have a gun, this is a stick-up, put all your money in a paper bag." After Mr. Jew had read the note the robber pulled a gun from under his jacket and pointed it at him. Mr. Jew then gave the money he had, amounting to $110.00, to the robber, who then left the premises. On December 16, 1970, Mr. Jew identified Thomas Lee Crouch in a line-up at the police station, as the man who had robbed him.

John David Parker, age fifteen years, happened to walk by the grocery at the time of the robbery and saw an automobile parked in a place not usually used for parking with, he thought, two people in it. He described the driver, but was not certain there were two people in the car or just the driver. He told the police officer that he thought there were two people in the car. He had a flashlight, and on account of the position of the car and his intuition, he looked at the license plate and memorized the number. The number was RV–7685 on a green Pontiac automobile. The people in the car were watching the store and this aroused his interest. He described the driver of the car as having light blonde hair, down to his shoulders. This witness went to the lineup with Mr. Jew, but could not identify anyone as being the person he saw at the scene.

A police officer, acting upon information from an anonymous party that Crouch had been seen with a pistol prior to the robbery of December 7; that Crouch lived with Marjorie Gale Berard and that they were not married; that they traveled together; and that Crouch used her car; and that the evening before the robbery Crouch and Berard were broke and that the next day they purchased clothes; and that on the day after the robbery they were laughing about an item in the newspaper relating to the robbery, which they had cut out; and other information, searched the rooms of Crouch and Berard under a search warrant which was ruled invalid. But, on a holding that there was probable cause for the arrest of Crouch and Berard, the evidence discovered in the search was validated.

This evidence consisted of a pistol found in Berard's purse, which was inside a drawer in the bedroom quite close to Crouch. The officers also found a wig in

the dresser drawer and a holster next to the purse.

Berard admitted that she owned the pistol which she had purchased in Florida, and that the green automobile belonged to her.

An expert witness testified that the paperwriting which the robber had handed to Mr. Jew at the time of the robbery had the thumbprint of Berard on it.

There was no evidence as to when this thumbprint had been made on the paper, whether before or after the note had been typewritten.

■ This rather faithful summarization of the evidence makes it clear that the only evidence connecting Berard with the robbery in any way at all is that about the fingerprint. No witness saw her at the scene of the crime. No witness said that she participated in any way in the crime. Her ownership of the automobile which was connected with the crime does not make her guilty of participation in the crime, especially in view of the evidence that Crouch used it. Nor, does her ownership of a pistol, which was not identified as being used in the commission of the crime, make her guilty. Finally, her association with Crouch is not evidence of guilt of robbery. So, we have no evidence of guilt at all, except for the fingerprint.

But this circumstantial evidence is in no way conclusive of Berard's participation in the robbery, because it does not appear when her fingerprint was made on the paper. McNeil v. State, 227 Md. 298, 176 A.2d 338 holds there should be other circumstantial evidence tending to exclude the hypothesis that the print was impressed at a time other than that of the crime.

■ Our rule, that to convict on circumstantial evidence every other reasonable hypothesis must be excluded by the circumstances, Marable v. State, 203 Tenn. 440, 313 S.W.2d 451, is applicable, and re-

quires the same attitude toward fingerprint evidence as exists toward any other circumstantial evidence. McNeil, supra.

With no opinion being advanced by any of the expert witnesses in criminology as to whether the fingerprint went on the paper before, after, or while it was being written, this single bit of circumstantial evidence is too equivocal to warrant this Court in affirming a sentence of twenty years in the state penitentiary.

■ Fingerprint evidence is admissible, 29 Am. Jur. Evidence, § 377. This fingerprint evidence was admissible even though there was no showing when it was made. United States v. Pisano, 193 F.2d 355. But, unsupported by any evidence as to when, where, or how it got on the paper on which the note was written, and with no other direct or circumstantial evidence to show its incriminating character, except proof that Berard was intimately associated with Crouch, it is not enough to convict of robbery with a twenty year sentence in the penitentiary.

The judgments of the Court of Criminal Appeals and the trial court with respect to the petitioner Berard are reversed, and her case is remanded to the trial court for such further proceedings as the Attorney General may think are warranted under this opinion.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

OPINION ON PETITION TO REHEAR

ERBY L. JENKINS, Special Justice.

A Petition to Rehear has been filed rearguing the facts. It points out that the note was hand printed, not typewritten, and that the pistol found was not in a drawer but in another place nearby.

These discrepancies do not alter the case. Nor, are we moved to change our opinion by the reargument. The point of

the case is that the only solid, unequivocal bit of evidence the State had that would connect the defendant with the commission of the crime was the fingerprint on the note; and the State neglected to offer any expert opinion as to when this print was made with reference to the time the note was written; nor any evidence as to who wrote the note.

We do not agree that the pistol belonging to defendant was, to quote the petition to rehear, "positively identified" as the one used in the robbery. Such a positive identification could only be made ballistically or by identifying numbers or markings and is not made by "looks like" testimony. While "looks like" is some evidence, it is not enough to sustain a twenty year robbery conviction of a defendant not proved to be at the scene of the crime.

The petition to rehear is denied.

DYER, C. J., and CHATTIN and Mc-CANLESS, JJ., concur.