**STATE of Tennessee, Appellee,**

v.

**Sylvester ALEXANDER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 29, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

S. Jasper Taylor, IV, Humboldt, for appellant.

W.J. Michael Cody, Atty. Gen., James W. Thompson, Asst. Atty. Gen., Nashville, Clayburn Peeples, Dist. Atty. Gen., A.H. Schoonover, Asst. Dist. Atty. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

The defendant, Sylvester Alexander, was convicted of grand larceny of an automobile and sentenced to a term of six years in the State Penitentiary as a Range I, standard offender. The sentence was ordered to be served consecutively with other sentences. On this appeal, the defendant has presented eleven issues for our review.

The evidence issue was stressed at oral argument and will now be considered. The facts are simple and uncontradicted. At some unspecified time on February 18, 1984, the defendant and four other individuals escaped from Fort Pillow Penitentiary in Lauderdale County. At approximately 2:15 or 2:30 on the morning of February 19, 1984, Mr. Larry Jones went into a restaurant in Brownsville, Haywood County, leaving his 1979 Cadillac outside with the motor running. The Cadillac was stolen while Mr. Jones was inside the restaurant. He did not see the thief. This Court will take judicial notice that Haywood County adjoins Lauderdale County.

Mr. Jones' car was recovered by police on February 23, 1984, in Glen Carbon, Illinois. It had been abandoned in a Wal-Mart

parking lot at some time prior to February 23, 1984.

In the stolen automobile there was found a Players cigarette package bearing the right thumbprint of the defendant. Other fingerprints were found in the automobile but none of these belonged to the defendant.

The defendant was apprehended in San Diego, California, on March 25, 1984. There was no direct evidence that the defendant was ever in Haywood County or in Glen Carbon, Illinois during the time period from his escape until his apprehension. The only direct evidence was the defendant's fingerprint on the cigarette package and the fact that appellant smoked.

All of the foregoing evidence was introduced by the State. The defendant did not testify and offered no evidence. We are therefore confronted with the question of whether the fingerprint and the circumstances alluded to in the narrative of the evidence will support the conviction.

It is well settled that findings of guilt should be set aside only when the evidence is insufficient for a rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e). The appellant relies upon *Crouch v. State*, 498 S.W.2d 97 (Tenn.1973), which was also a circumstantial evidence case where the Supreme Court reversed the conviction of the defendant, Berard.

In reversing Berard's conviction, the Supreme Court said, *inter alia:*

> Our rule, that to convict on circumstantial evidence every other reasonable hypothesis must be excluded by the circumstances, *Marable v. State*, 203 Tenn. 440, 313 S.W.2d 451 [ (1958) ], is applicable, and requires the same attitude toward fingerprint evidence as exists toward any other circumstantial evidence. *McNeil, supra* [*McNeil v. State*, 227 Md. 298, 176 A.2d 338 (1961)].

*Crouch*, 498 S.W.2d at 99.

■ We as an intermediate court must in all deference accept our higher court's rul-

ing. The *Crouch* court, however, appears to be at odds with *Jamison v. State*, 209 Tenn. 426, 354 S.W.2d 252 (1962), and *State v. Cupp*, 215 Tenn. 165, 384 S.W.2d 34 (1964), also rulings of our higher court. This Court has held that fingerprint evidence alone, with no evidence showing an innocent placement of the print, is sufficient for a finding of guilt. *See State v. Evans*, 669 S.W.2d 708 (Tenn.Crim.App. 1984). In our respectful view, the *Crouch* court was reviewing the evidence under a preponderance rule which is not the law now. See T.R.A.P. 13(e); *State v. Tuggle*, 639 S.W.2d 913 (Tenn.1982). As that all may be, the evidence before the jury showed: (1) the defendant had escaped February 18, 1984, from the Fort Pillow prison in Lauderdale County; (2) the victim's automobile was stolen in the adjoining Haywood County during the early morning hours the next day; (3) the abandoned car was recovered in Glen Carbon, Illinois on February 23, 1984; and (4) the cigarette package found in the stolen car had the defendant's thumbprint on it. From this evidence, the jury could and did infer that the defendant had stolen the car. *See State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). In conclusion, the evidence supports the jury's verdict and meets T.R. A.P. 13(e) requirements.

With our holding the evidence is sufficient, appellant's issue pertaining to his motion for judgment of acquittal is also overruled.

■ We will now comment on the other issues. Appellant contends he was denied a fair trial by having his trial in Haywood County. Although appellant originally presented a motion for change of venue, the matter was continued to another day at which time appellant failed to renew his motion. The motion was therefore abandoned and the issue is waived. Furthermore, in the absence of the transcript of the voir dire proceeding, we will presume that the appellant received a fair trial by a fair and impartial jury. *Dobbert v. Flor-*

*ida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). This issue is overruled.

■ With the owner of the car testifying that his automobile was stolen in Haywood County, appellant's issue contesting jurisdiction is without merit. Since appellant stipulated that he had escaped, it was not error to admit this fact into evidence. *See State v. Garland,* 617 S.W.2d 176, 186 (Tenn.Crim.App.1981). Appellant's motion for a continuance to pursue allegedly exculpatory evidence was properly denied by the trial court. The motion was without affidavits as required, T.C.A. § 19–1–110(a), and the guidelines set forth in *State v. Howell,* 672 S.W.2d 442 (Tenn. Crim.App.1984), were not followed. Furthermore, the Tennessee Bureau of Investigation report, which contains the information about the allegedly exculpatory evidence, is not properly before this Court and cannot therefore be reviewed. The report has not been made a part of the record; rather, it has merely been attached to appellant's brief. This falls far short of what is required. *See State v. Melson,* 638 S.W.2d 342 (Tenn.1982). Next, appellant contends that it was hearsay to allow a police officer to read from his report a description of the alleged thief as given by the victim. We agree, yet we fail to see how this affected the results. T.R.A.P. 36(b). Next, appellant complains that his cross-examination of a State's witness was restricted by the trial court. The trial court properly limited the responses of the witness, a police officer, since the questions asked by appellant's counsel called for hearsay answers. Finally, appellant argues that the trial court erred by rejecting his proposed jury instructions. The charge as given by the trial court fully and fairly stated the applicable law, so there was no error in denying appellant's requests. *Edwards v. State,* 540 S.W.2d 641 (Tenn.1976). With all issues overruled, the judgment of the trial court is affirmed.

WALKER, P.J., and TATUM, J., concur.