COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Agee
Argued at Salem, Virginia


MICHAEL ANTHONY YARZEBINSKI

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 1451-00-3        JUDGE JEAN HARRISON CLEMENTS
                                         SEPTEMBER 11, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                     Diane McQ. Strickland, Judge

          Thomas E. Wray for appellant.

          Susan M. Harris, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Michael Anthony Yarzebinski was convicted in a bench trial of

breaking and entering in violation of Code § 18.2-91 and larceny

of a firearm in violation of Code § 18.2-108.1.  On appeal, he

contends the evidence was not sufficient to sustain the

convictions.  We disagree and affirm the convictions.

     As the parties are fully conversant with the record in this

case, and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

proceedings as necessary to the parties' understanding of this

appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).  We may not disturb the conviction unless it is plainly wrong or unsupported by the evidence.  Sutphin v. Commonwealth, 1 Va. App. 241, 243, 337 S.E.2d 897, 898 (1985).  We are further mindful that the "credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact[ ]finder's determination."  Keyes v. City of Virginia Beach, 16 Va. App. 198, 199, 428 S.E.2d 766, 767 (1993).

In this case, Yarzebinski does not dispute on appeal that the Commonwealth's evidence was sufficient to establish that the victim's home was broken into without the permission of the victim.  Likewise, he does not dispute that the evidence was sufficient to show that larceny of a firearm occurred as a result of the break-in and that both offenses were committed at the same time, by the same person, and as a result of the same criminal enterprise.  Rather, Yarzebinski contends that he was improperly convicted solely on circumstantial evidence.  That evidence—his fingerprint on the victim's kitchen window—was, he argues, insufficient by itself to reasonably exclude the hypothesis that it was impressed there when he visited the home two weeks earlier.  Furthermore, he adds, no stolen gun was found in his possession

-

and he made no confession or incriminating statements.  Thus, he concludes, the Commonwealth's evidence was insufficient, as a matter of law, to prove beyond a reasonable doubt that he was the person who committed the offenses.

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983).  "However, 'the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'  Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong."  Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) (citation omitted) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)).

To establish Yarzebinski's criminal agency, evidence that his fingerprint was found at the scene of the crime "'must be coupled with evidence of other circumstances tending to reasonably exclude the hypothesis that the print was impressed at a time other than that of the crime.'"  Avent v. Commonwealth, 209 Va. 474, 479, 164 S.E.2d 655, 659 (1968) (quoting McNeil v. State, 176 A.2d 338, 339 (Md. 1961)).  The other circumstances, however, need not be totally independent of the fingerprint itself and "may properly include circumstances such as the location of the print, the

-

character of the place or premises where it was found and the accessibility of the general public to the object on which the print was impressed."  Id.

Here, there was no direct evidence that linked Yarzebinski to the burglary and theft of the firearm.  However, the evidence did establish that on September 28, 1998, Todd Elliott Mick's home in Roanoke County was burglarized and his .380 caliber automatic pistol and children's games were stolen.  When Mick left for work that morning, all windows and doors were closed and the screen on the kitchen window in the back of the house was in place.  The pistol was hidden in his closet.

When Mick returned home from work, he found the kitchen window cracked open and the screen off.  The screen was lying on a deck located behind the house and beneath the window.  The window, a large sliding window, was four or five feet from the ground and only accessible from the deck.  The window had not been broken.  Mick then discovered that the pistol had been stolen.  The gun was never recovered.

Officer Fred Altimore testified that he lifted fingerprints and palm prints from the outside of Mick's rear kitchen window.  Richard Taylor, a fingerprint examiner, testified he matched the only print of value, a latent left index fingerprint taken from the outside of Mick's rear kitchen window, with known fingerprints of Yarzebinski.

-

Mick testified that he met Yarzebinski for the first time less than two weeks before the burglary when Yarzebinski, along with a group of four or five other people, came to the residence to trade the .380 pistol for Mick's go-cart. The group was there fifteen to thirty minutes. Although the group, including Yarzebinski, did go into the side and back yards, Yarzebinski never left the group and never went up on the deck. The screen was always on the window. Mick was with Yarzebinski the entire time he was there that day. Mick stated that, in the five years he had lived at the residence, Yarzebinski had never been there before.

The presence of Yarzebinski's fingerprint on the window leaves no doubt that he touched the outside of the rear kitchen window, where the thief broke into and entered Mick's house. The fingerprint was on the window frame from which the burglar had removed the covering screen, putting it on the deck. The window, which was four to five feet off the ground, was in the rear of the house and only accessible from Mick's deck. Thus, the crime was committed on private property, in an area not readily accessible to the general public.

Yarzebinski had been to Mick's home only once, approximately two weeks before the burglary. On that occasion, Mick, who was with Yarzebinski the entire time, never saw Yarzebinski go on the deck or near the window. Yarzebinski was aware that Mick possessed the gun, having given it to him as part of a trade

-

approximately two weeks earlier.  Furthermore, the record discloses no evidence to support Yarzebinski's hypothesis that his fingerprint was impressed on Mick's rear kitchen window when he was at the residence two weeks before the burglary and theft.

We hold, therefore, that the trial court could reasonably infer from Yarzebinski's unexplained fingerprint on Mick's rear kitchen window, coupled with the other evidence presented tending to reasonably exclude Yarzebinski's hypothesis, that Yarzebinski was the burglar and thief.  Hence, the evidence presented was sufficient to prove beyond a reasonable doubt that Yarzebinski was guilty of breaking and entering and larceny of a firearm.

Accordingly, we affirm the convictions.

<u>Affirmed.</u>