STATE OF CONNECTICUT *v.* JOHN T. REID

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued June 7—decided June 21, 1966

*Alfonse C. Fasano,* for the appellant (defendant).

*Robert K. Walsh,* assistant state's attorney, with whom, on the brief, was *George R. Tiernan,* state's attorney, for the appellee (state).

COTTER, J.   The defendant was charged with common-law robbery, punishable under General Statutes § 53-67, and was convicted by a jury. The court subsequently found the defendant guilty under the second part of the information, which charged him with being a second offender pursuant to General Statutes § 54-118.   In this appeal, the defendant assigns as error certain rulings on evidence and the court's denial of his motion to set aside the verdict.

The following facts are not in dispute.   On the night of March 6, 1964, Mrs. Anna Roessler returned to her home on Edgehill Road in New Haven shortly after 8:30 p.m.   She drove her automobile into her unlighted garage, turned off the ignition and headlights, and got out of the car.   As she reached back into the car to pick up her pocketbook, an assailant suddenly put an arm around her neck, bent her head forward, grabbed the pocketbook, and ran off.   By the time she looked up, the thief was running toward the street and was at a sufficient distance so that Mrs. Roessler was unable to make out any distinguishing characteristics.   A passerby, John Hartsock, heard Mrs. Roessler scream and saw two men run across her front yard and into the street.   Hartsock followed the two men around the corner and saw them get into an automobile, which moved away so quickly that it must have been started by a third person.   He came close enough to note the license number as the car pulled away and then reported the incident to the police. From the license number, the police became aware

that the car belonged to Gabriel Rocco of West Haven. The police proceeded to the Rocco home, arriving there about 9:45 the same evening. Rocco came out of the house and had a short conversation with members of the West Haven and New Haven police departments. The police then entered the Rocco home, with his permission, and found the defendant and Ralph Maselli,[1] as well as Rocco's parents, inside. A search of the premises uncovered $303 in a cigar box and $407 under a pillow, all in Rocco's bedroom. In addition, Rocco and Maselli were carrying a total of $521, including a $100 bill and a $50 bill. No money was found on Reid. Mrs. Roessler testified that her pocketbook had contained $1326 in bills of denominations of $20 or less and some change. The hood of Rocco's car was warm when the police arrived at his house, and the car matched the description, including the exact license number, given by the witness Hartsock.

Robbery is defined in the common law as the felonious taking of personal property from the person or custody of another by force or intimidation. *State* v. *DiBattista,* 110 Conn. 549, 558, 148 A. 664; *State* v. *Butler,* 27 N.J. 560, 589, 143 A.2d 530; *State* v. *Reposa,* 99 R.I. 147, 149, 206 A.2d 213.

From the facts stated above, it is obvious that there was abundant evidence to prove that a robbery had been committed and that Rocco's car was used by the robbers, who were at least three in number, in getting away. The only evidence linking the defendant to the crime, however, was the fact that he was found in the Rocco home, under the circumstances described, about an hour and fifteen

---

[1] Maselli was also charged with the robbery of Mrs. Roessler, under a separate information, was tried jointly with the defendant and was found guilty by the jury.

minutes later. Neither Mrs. Roessler nor Hartsock had seen the perpetrators at close enough range to make any identification. Testimony by a police officer that the defendant and Rocco had been seen together prior to March 6, the admission of which is assigned as error, actually benefits the defendant by forming the basis for a reasonable and non-incriminating explanation of his presence at the Rocco home.[2] The money found by the police in the possession of Rocco and Maselli was not traced to Mrs. Roessler, did not add up to the amount taken from her, included bills of larger denomination, and could not logically connect the defendant with the robbery.

It is fundamental that "[t]he trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred from other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Foord,* 142 Conn. 285, 295, 113 A.2d 591; *State* v. *Annunziato,* 145 Conn. 124, 136, 139 A.2d 612. Although it is true, as the state claims, that a conviction may rest wholly on circumstantial evidence, that rule does not advantage the state when the circumstances do not prove guilt beyond a reasonable doubt. *State* v. *Murphy,* 124 Conn. 554, 562, 1 A.2d 274. In criminal jury trials the state has the

---

[2] A witness for the defendant testified that the defendant was with her on the evening of March 6 from 6:30 to 9:30 p.m., at which time she dropped him off at Rocco's house.

burden of producing evidence from which the jury may rationally conclude that the defendant has been proven guilty of the essential elements of the crime beyond a reasonable doubt. *State* v. *Gardner*, 112 Conn. 121, 123, 151 A. 349. That burden was not met in this case. The trial court should have granted the motion to set the verdict aside.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to set the verdict aside.

In this opinion the other judges concurred.