**UNITED STATES of America**

**v.**

**Roy K. JONES, Appellant.**

**No. 22560.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 9, 1969.

Decided Jan. 27, 1970.

Mr. Peter R. Sherman, Washington, D. C. (appointed by this court) for appellant.

Mr. John G. Gill, Jr., Asst. U. S. Atty., with whom Mr. Thomas A. Flannery, U. S. Atty., was on the brief, for appellee. Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before WRIGHT, ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

Appellant was convicted by a jury of second degree burglary and petit larceny [1] consisting in the theft of an undetermined sum of money from coin-operated laundry machines located in a locked basement room of an apartment building. Reversal is sought solely on the basis of allegedly improper statements by Government counsel [2] during his summation of the case to the jury. Appellant moved unsuccessfully for a mistrial on grounds that the prosecutor infused his personal opinion into the argument, made assertions of facts not in evidence, and hurled unfounded charges that appellant's testimony was perjured. [3] In the trial judge's view,

---

1. D.C.Code §§ 22–1801(b) (Supp. I 1968), 22–2202 (1967).

2. Not among its counsel on appeal.

3. Appellant offered an alibi, supported by two witnesses, but for a date other than that on which the offenses were committed. He then offered a new alibi for the offense date, but during his testimony he once slipped back into his original alibi. From these events, the prosecutor argued to the jury, *inter alia:*

   *  *  * This man himself got on the stand and twice told a story and then

however, "counsel for the government acted with considerable restraint" and what he said "was completely within the bounds of permissible argument." Appellant now also points to remarks later made by the prosecutor and urges that they compounded the prejudice, although no objection to them was registered at the time.[4] We affirm.

■ Most regrettably, we have found it necessary to continually admonish prosecuting counsel to confine their jury arguments within legitimate bounds.[5] As only quite recently we observed, "[t]he frequency with which violations of standards of permissible argument occur is disturbing."[6] True, as we are reminded, "[t]he Government may prosecute vigorously, zealously with hard blows, if the facts warrant, for a criminal trial is not a minuet."[7] But neither is it a verbal brawl, and "[t]he administration of justice requires that the obligations which the United States Attorney carries into the courtroom, as representative of an impartial sovereign, be faithfully observed."[8]

■■ Although, in this case, it may be that the prosecutor ranged unnecessarily far, we need not make the ultimate judgment or disturb the trial judge's action. Our review of the record lays bare uncontested facts so confirming appellant's guilt that any impropriety must be classed as harmless error.[9] The Government relied mainly on undisputed evidence that a fingerprint of appellant was found on a money box which had been removed from one of the laundry machines and, after rifling, left at the scene. The testimony established that this money box was locked inside a meter box attached to the machine, and was removed only after the lock on the meter box had been burned through with a torch.[10] Appel-

---

he had to change when he suddenly realized that it didn't work. That tells you something * * * about the other two alibi witnesses and it tells you something about this man here. * * * An innocent man doesn't have to lie. * * * But if a man tells a falsehood, if a man tells a whole series of falsehoods, if a man sets up an alibi that collapses like this one did, if a man does that, then ladies and gentlemen, you are entitled to say "why did that man lie?"

As we later point out in text, we do not pass upon the propriety of these arguments.

4. The prosecutor stated that the defense attorney "had made what can only be characterized as a pretty heroic effort to inject some doubt into your minds," and also referred to the paucity of police officers to deal with the high crime rate in the District of Columbia.

5. Counsel are not to interject their personal opinions concerning the veracity of witnesses. Stewart v. United States, 101 U.S.App.D.C. 51, 53–56, 247 F.2d 42, 44–47 (en banc 1957); Harris v. United States, 131 U.S.App.D.C. 105, 402 F.2d 656 (1968); Olenin v. Curtin & Johnson, Inc., 137 U.S.App.D.C. 281, 769 F.2d 424 (1968); Gibson v. United States, 131 U.S.App.D.C. 163, 164–165 n. 1, 403 F.2d 569, 570–571 n. 1 (1968).

Cf. Greenberg v. United States, 280 F.2d 472, 473–475 (1st Cir. 1960). Nor can they base argument on facts not in evidence. Berger v. United States, 295 U.S. 78, 84–88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Garris v. United States, 129 U.S.App.D.C. 96, 390 F.2d 862 (1968); King v. United States, 125 U.S.App.D.C. 318, 329, 372 F.2d 383, 394 (1967); Reichert v. United States, 123 U.S.App. D.C. 294, 296–298, 359 F.2d 278, 280–282 (1966).

6. Harris v. United States, supra note 5, 131 U.S.App.D.C. at 108, 402 F.2d at 659 (footnotes omitted).

7. Taylor v. United States, 134 U.S.App. D.C. 188, at 189, 413 F.2d 1095, at 1096 (1969).

8. Stewart v. United States, supra note 5, 101 U.S.App.D.C. at 55–56, 247 F.2d at 46–47. See also Berger v. United States, supra note 5, 295 U.S. at 88, 55 S.Ct. 629.

9. Fed.R.Crim.P. 52(a).

10. The Government presented evidence that the money boxes were not accessible to the general public, and were removed and opened only when serviced monthly by authorized personnel. We are mindful that where a conviction rests solely on fingerprint evidence, the proof must demonstrate not only "that at some time the

lant took the witness stand at the trial but made no attempt to explain the presence of his fingerprint on the money box. In this context, with the Government's proof so strong, the argumentative missteps, if any, are not cause for reversal.

Affirmed.

Circuit Judge ROBB concurs in the result.

defendant[] touched objects found at the scene of the crime," but also that the objects "were generally inaccessible to the defendant[] and that therefore the objects were probably touched during the commission of the crime." Borum v. United States, 127 U.S.App.D.C. 48, 380 F.2d 595 (1967). See also Stevenson v. United States, 127 U.S.App.D.C. 43, 380 F.2d 590, cert. denied, 389 U.S. 962, 88 S.Ct. 347, 19 L.Ed.2d 375 (1967); Hiet v. United States, 124 U.S.App.D.C. 313, 314, 365 F.2d 504, 505 (1966); Cephus v. United States, 117 U.S.App.D.C. 15, 17, 324 F.2d 893, 895 (1963); Campbell v. United States, 115 U.S.App.D.C. 30, 316 F.2d 681 (1963); Cooper v. United States, 94 U.S.App.D.C. 343, 218 F.2d 39 (1954). These standards are satisfied here.