STATE OF CONNECTICUT *v.* JAMES L. KELSEY

STATE OF CONNECTICUT *v.* MICHAEL D. SULLIVAN

ALCORN, C. J., HOUSE, THIM, RYAN and SHEA, Js.

Argued October 14—decided November 5, 1970

*Leo B. Flaherty, Jr.,* public defender, for the appellant (defendant) in each case.

*Robert J. Pigeon,* state's attorney, for the appellee (state) in each case.

PER CURIAM. The defendants filed a joint brief in this appeal. The sole issue is whether the evidence was sufficient to support the verdicts upon which the judgments were rendered.

The evidence discloses the following. Manuel Oliviera, the owner of a store in Tolland, arrived at his store at about 4:45 a.m. on July 8, 1968, and observed a car parked in front of it. On opening the door to the store he saw cartons of cigarettes and a pry bar on a counter. He went across the street and awakened a neighbor. While there, he saw one man approach the car from the side of the store and when he next looked, the car was gone. At some point before this he had jotted down the car's registration

number, its color, (green) and its style (two-door sedan). When Oliviera returned to the store he found that a television set and forty cartons of cigarettes were missing. Through the registration number the car was determined to belong to one James Kelsey. At 7:35 a.m. on that same day the Kelsey car was stopped in Cromwell by a state trooper. Michael D. Sullivan was then a passenger in the car which was being driven by Kelsey. The car was a blue Cadillac. No stolen goods were ever found in the possession of either defendant.

At the trial neither Kelsey nor Sullivan took the stand. A state trooper testified that Sullivan had stated, after being stopped with Kelsey in Cromwell, that he had been with Kelsey that morning but that he did not know at what time he had been picked up. Another trooper testified that Kelsey had stated to him that he had gotten up at 5 o'clock a.m., had coffee, and then picked up Sullivan.

The evidence which is crucial is that which connects the defendants to the scene of the crime. The only evidence of this nature is the car description and its registration number. The registration number was recorded at the scene and it turned out that it was in the name of Kelsey. While the description noted at the scene varied from the actual fact, there was testimony, which the jury could have believed, to the effect that the light in front of the store could have made blue look green. Thus, the jury could reasonably have concluded that Kelsey's car was parked at the scene of the crime. Further testimony was that only one man was seen before the car departed the scene, and that Kelsey had been in the store at a date prior to July 8, 1968.

Obviously, the jury concluded that Kelsey was the man observed by Oliviera. We do not believe, how-

ever, that the evidence was sufficient to justify his conviction. No fingerprints were found to connect him with the crime. None of the goods stolen was ever found in his possession. The only thing observed in the car parked in front of the store was something which looked like laundry. One of the items stolen was a television set, and it does not seem reasonable that a television set could look like laundry. Finally, there was no testimony that the man seen just before the car left was carrying anything. The evidence does not logically point to the conclusion that Kelsey committed the crime. "It is fundamental that '[t]he trier may not reach a conclusion of guilt where the facts, established by the evidence, including those reasonably and logically inferred from other proven facts, are rationally consistent with the innocence of an accused. A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with defendant's guilt and inconsistent with any other rational conclusion.' *State* v. *Foord,* 142 Conn. 285, 295, 113 A.2d 591; *State* v. *Annunziato,* 145 Conn. 124, 136, 139 A.2d 612." *State* v. *Reid,* 154 Conn. 37, 40, 221 A.2d 258. The evidence was insufficient to establish the guilt of the defendant Kelsey by proof beyond a reasonable doubt.

As to Sullivan, there was no reasonable basis for finding any connection between him and the crimes. The car was not his, he was not known to be with Kelsey at 4:45 a.m., and no stolen goods were recovered in his possession. Certainly, the mere fact that he was with Kelsey when Kelsey was apprehended does not establish a logical connection with the crime. "Inferences to be drawn from the facts

proved must be reasonable and logical". *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750. For a jury so to conclude, especially beyond a reasonable doubt, would be guilt by mere association, and would clearly be improper. The jury therefore could not have found Sullivan guilty beyond a reasonable doubt.

It is thus clear that the jury's conclusion, as to each defendant, was improper. As a matter of law, the jury could not have so found.

There is error as to both defendants, the judgments are set aside and the case is remanded with direction to render judgments that the defendants are not guilty and ordering that they be discharged.