STATE OF CONNECTICUT *v.* ANONYMOUS (1976–1)*

APPELLATE SESSION OF THE SUPERIOR COURT

SPEZIALE, J. The defendant was tried to the court and found guilty of tampering with a motor vehicle. The motor vehicle was parked outside a dinner

* Thus entitled, in view of General Statutes § 54-90.

theater at 10:30 p.m. on a certain night. The owner did not see the vehicle again until 5:30 a.m. the following day at a garage where it was in the custody of the local police department. The locks on the steering shift and the trunk of the vehicle were damaged. The owner had not given anyone permission to use his vehicle. On the night in question a police officer observed the defendant in a group of about six males standing at the rear of a motor vehicle which was later ascertained to be the damaged vehicle. The defendant was leaning over the automobile with another male. When he saw the officer approach, he turned and ran. After the defendant was captured, he was searched, and a pair of pliers was found in his right front pocket.

The defendant has appealed his conviction. He assigns as error[1] the trial court's finding that he was guilty beyond a reasonable doubt of the crime of tampering with a motor vehicle in violation of § 14-145 of the General Statutes.

"To warrant a conviction, there must be no reasonable doubt as to any essential element of the crime charged." *State* v. *Smith,* 138 Conn. 196, 201. Section 14-145 reads, in relevant part: "No person shall interfere or tamper with a motor vehicle . . . without the permission of the owner . . . and no person shall, with intent and without right to do so, damage a vehicle or damage or remove any of its parts or components." The evidence offered by the state reasonably supports the conclusion that someone tampered with the automobile in question without the owner's permission. There is a reasonable doubt, however, that the defendant either tampered with or intentionally damaged the vehicle,

---

[1] Another assignment of error by the defendant concerning a ruling on evidence by the trial court was abandoned during oral argument before us.

and to warrant a conviction under the facts of this case at least one of those essential elements must be proved beyond a reasonable doubt.

The state's case against the defendant was based on circumstantial evidence. "Although it is true, as the state claims, that a conviction may rest wholly on circumstantial evidence, that rule does not advantage the state when the circumstances do not prove guilt beyond a reasonable doubt." *State* v. *Reid,* 154 Conn. 37, 40; *State* v. *Mayell,* 163 Conn. 419, 428. The state's principal witness was a police officer present at the scene where the automobile was found. The police officer testified that he observed the defendant in a group of about six males around the rear of the automobile; that when he approached the group, the defendant turned and ran; and that the defendant had a pair of pliers in his pocket upon apprehension. Although the officer further testified that the defendant "appeared" to be tampering with the trunk with some kind of object, the officer did not observe the type of object the defendant supposedly had, he was not positive that the object was in contact with the trunk, and he did not see the defendant do any damage to the trunk. Upon cross-examination it became apparent that the officer was uncertain whether the defendant actually was tampering with the trunk. The trial court commented at that point: "Well apparently the officer testified that it appeared to him this is what at the time he saw, it appeared that he was tampering with the vehicle. I suppose you can assume from that he's not positive."

On the basis of the police officer's testimony, the state contends that the defendant's guilt was proved beyond a reasonable doubt. Nevertheless, although the defendant was present at the scene of the crime, in close proximity to the damaged vehicle, and, after a short foot chase, apprehended with a pair

of pliers on his person, those facts do not prove his guilt beyond a reasonable doubt. No proof was offered that the damage was, or could have been, caused by using a pair of pliers, nor was the damage described. There were other persons present who were observed in similar suspicious circumstances. Any one of them could have caused damage to the vehicle. Which one, if any, did damage to the automobile is a matter within the realm of conjecture and speculation.

"It may be that the defendant was either a participant or an accomplice in . . . [tampering with the motor vehicle] but, in a trial of a person charged with the commission of a crime, the time-tested safeguards which the law has erected for the protection of the innocent may not be subverted in order to punish one who may be a guilty person. *State* v. *Doucette,* 147 Conn. 95, 108, . . . overruled on other grounds, *State* v. *Tillman,* 152 Conn. 15, 20 . . . ; *State* v. *Ferrone,* 97 Conn. 258, 270 . . . ." *State* v. *Mayell,* 163 Conn. 419, 428.

It is settled under our law that proof of guilt must exclude every reasonable supposition of the innocence of the defendant. *State* v. *Decoster,* 147 Conn. 502, 505. We cannot say that the facts proved are not rationally consistent with the innocence of the defendant. "As has been said so often, proof beyond a reasonable doubt is such proof as precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State* v. *Smith,* 156 Conn. 378, 382; *State* v. *Decoster,* supra; *State* v. *Foord,* 142 Conn. 285, 295; *State* v. *Smith,* 138 Conn. 196, 200. On the record before us, we conclude that the evidence does not establish the defendant's guilt beyond a reasonable doubt.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion SHEA and SPONZO, Js., concurred.