James F. HYMAN, Appellant,

v.

UNITED STATES, Appellee.

No. 8343.

District of Columbia Court of Appeals.

Argued June 11, 1975.

Decided July 24, 1975.

Alan J. Nuta, Washington, D. C., appointed by the court, for appellant.

Bernard J. Panetta, II, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Martin J. Linsky, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, GALLAGHER and HARRIS, Associate Judges.

PER CURIAM:

Appellant was convicted by a jury of three counts of assault with a deadly weapon, D.C.Code 1973, § 22–502, and one count of unlawful entry, D.C.Code 1973, § 22–3102, and was sentenced to three to nine years' imprisonment. The pertinent facts are that on October 27, 1973, appellant was stopped inside a Safeway grocery

store in this city by three store employees who suspected him of stealing some meat. During the events that ensued appellant brandished at least one knife, stabbed one of the employees in the stomach, and threatened the others. Appellant did not deny being present in the store, but claimed that he had not taken any meat and that he had struck in self-defense upon being attacked by the store employees. Two claims of error are presented on appeal: (1) that the appellant was denied cross-examination of one of the government's witnesses with regard to bias and (2) that there was prosecutorial misconduct during closing argument. Finding no error on either ground, we affirm the convictions.

Appellant asserts a denial of his constitutional right of cross-examination stemming from an alleged disallowance of "*any*" cross-examination of the assistant manager of the store concerning his motives in testifying; specifically, a desire to avert a suit against Safeway for false arrest. In this regard we note, in general, that it is prejudicial error to cut off *in limine* all inquiry where cross-examination is appropriate [1] and that the cross-examination allowed must be adequate and effective.[2] We note also that bias is always a proper subject of cross-examination.[3] With the guidance of these general principles, however, we find on the record before us no improper curtailment of cross-examination. Counsel for appellant asked the second prosecution witness, the grocery manager of the store who was stabbed during the incident: "Isn't it a fact you didn't find any meat on him, that you threatened him with false arrest, and you hit him and the security guard hit him

in order to cover yourself so you wouldn't be liable for a false arrest suit?" [Tr. at 45–46.] After a negative answer, the questioning shifted to another vein.

The government's third witness was the assistant store manager who was in charge of the store at the time of the events in question. On cross-examination of this witness the following colloquy occurred:

Q. Now isn't it true that you confronted Mr. Hyman with stealing some meat, and he didn't have any meat, and then you and the other guards started striking him?

A. No, sir; that's not true.

Q. Wasn't there a witness nearby who then told Mr. Hyman he should bring suit against the store?

A. I don't know anything about that, sir.

Q. Aren't you testifying like this to keep Safeway from being sued for false arrest? [Tr. at 66.]

At this point the prosecution interposed an objection which was sustained. Defense counsel made no protestation or proffer but simply proceeded with another line of inquiry. In our judgment the defense was afforded a sufficient opportunity to bring out any possible desire of the store employees to protect their employer from a civil suit.[4] The right to cross-examine for basis is "[s]ubject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation", *Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 1110, 39 L.Ed.2d 347 (1974), and he may exercise a reasonable judgment in determining when an appropriate subject

---

1. *Alford v. United States*, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931). *See also District of Columbia v. Clawans,* 300 U.S. 617, 632, 57 S.Ct. 660, 81 L.Ed. 843 (1937).

2. *Davis v. Alaska,* 415 U.S. 308, 318, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).

3. *Id.* at 316, 94 S.Ct. 1105.

4. The possibility of any such motive was further developed on direct examination of two defense witnesses, appellant himself and the man who had advised him to sue, and in the closing arguments of both the defense and the prosecution.

of inquiry has been exhausted. *Alford v. United States*, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624 (1931). Measured by these standards, the trial judge here did not abuse his discretion in stopping the questioning when he did.

Appellant also contends that prosecutorial misconduct during closing argument requires reversal, citing the beginning of the prosecutor's rebuttal argument that: "You saw [the witness'] demeanor on the stand yesterday. I think you can fairly conclude that he almost appeared irrational." [Tr. at 156.] Immediately thereafter defense counsel objected and the court struck the statement from the record. The jury was subsequently instructed to disregard the stricken matter.

 It is axiomatic that a prosecutor may comment on the credibility of a witness where there is a basis in the evidence for doing so [5] but that he may not, as a general matter, inject his personal opinions into a proceeding. *Berger v. United States*, 295 U.S. 78, 86–89, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). In particular, a prosecutor may not express his opinion of the veracity of a witness, *United States v. Jones*, 140 U.S.App.D.C. 1, 2, n. 5, 433 F.2d 1107, 1108 n. 5 (1970), nor, generally, of a witness' demeanor,[6] since such remarks amount to unsworn testimony and as such are impermissible.[7]

Nevertheless, the standard of review for a prosecutor's misconduct or misstatement is whether the action complained of may be said to have affected the verdict. *Gaither v. United States*, 134 U.S. App.D.C. 154, 172, 413 F.2d 1061, 1079 (1969). Here, although the issue of the witness' credibility was salient, the government's evidence was strong, the objection to the improper argument was promptly

made and the statement stricken, and only one such statement was made over the entire course of the prosecutor's closing and rebuttal arguments. Under these circumstances we hold the prosecutor's remark of which appellant complains was not prejudicial.

In light of the foregoing, the judgments of conviction on appeal are

*Affirmed.*

---

5. *Stewart v. United States*, 101 U.S.App.D.C. 51, 55, 247 F.2d 42, 46 (1957).

6. *Cf. Harris v. United States*, 131 U.S.App. D.C. 105, 106–07, 402 F.2d 656, 657–58 (1968).

7. *Stewart v. United States, supra* note 5.