STATE OF CONNECTICUT *v.* ARNOLD PAYNE

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and SHEA, Js.

Argued December 2, 1981—decision released February 2, 1982

*Stephen F. Frazzini,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Mary M. Galvin,* assistant state's attorney, for the appellee (state).

SPEZIALE, C. J. The defendant, Arnold Payne, was convicted by a jury of robbery in the second degree and of unlawful restraint in the first degree.[1] He has appealed, claiming various errors in the trial court's rulings and instructions to the jury. His principal claim, however, is that the evidence against him was insufficient to sustain a verdict of guilty and that the trial court, therefore, erred in denying his motion for acquittal after the verdict of guilty. We agree. Because of our resolution of the defendant's claim of insufficient evidence, we do not consider the defendant's other claims of error.[2]

---

[1] The defendant and his brother, Willie Payne, were charged by information with robbery in the first degree in violation of § 53a-134 of the General Statutes and kidnapping in the second degree in violation of §53a-94. Both were tried to the same jury. Upon the failure of the state to offer any evidence that the handgun allegedly used was operable, the judge instructed the jury that the defendants could not be found guilty of robbery in the first degree. The defendant and Willie Payne were convicted of robbery in the second degree and unlawful restraint in the first degree, both of which offenses the trial judge had charged as lesser included offenses.

[2] The defendant also claimed error in the trial court's denial of his request for an opening statement and in the trial court's instructions on the lesser included offenses of which the defendant ultimately was convicted.

The jury could have reasonably found that the charges against the defendant arose from the following incident:   During the early morning hours of May 23, 1978, the victim, Bobbie Scott, was abducted and robbed by three black males and a black female. Scott had agreed to give the three males a ride as he and the female left the Oasis Club in New Haven. After being driven to their requested location, the males refused to leave Scott's car. Scott was forced to drive to another location where he was beaten and robbed at gunpoint. He was then forced into the back seat of his car. One of the males, later identified by Scott as Willie Payne, brother of the defendant, took control of the car and drove to another location. At this point, the female and the male identified as Willie Payne left the car to attempt to remove items from the trunk. A New Haven police officer stopped and talked to the two who were outside the car while the other two males kept Scott confined in the back seat. After the police officer left, the three males and the female fled.

The principal evidence offered by the state to connect the defendant Arnold Payne to this crime was two fingerprints identified as those of the defendant which were found on the outside of the driver's window of the car's front door. The victim was not able to identify the defendant in a photographic display the day after the robbery, in a lineup with Willie Payne and four other Payne brothers, or at trial.

In determining whether the evidence is sufficient to sustain a verdict, we employ the test of " ' "whether the jury could have reasonably concluded, upon the facts established and the reasonable

inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt . . . ." ' " *State* v. *Stankowski,* 184 Conn. 121, 126, 439 A.2d 918, cert. denied, 454 U.S. 1052, 102 S. Ct. 596, 70 L. Ed. 2d 588 (1981). The defendant claims that the evidence against him was insufficient as a matter of law because of the well-established rule that a conviction may not stand on fingerprint evidence alone unless the prints were found under such circumstances that they could only have been impressed at the time the crime was perpetrated. See *United States* v. *Bonds,* 526 F.2d 331, 337 (5th Cir. 1976); *United States* v. *Van Fossen,* 460 F.2d 38, 40 (4th Cir. 1972); *United States* v. *Corso,* 439 F.2d 956, 957 (4th Cir. 1971); *United States* v. *Jones,* 433 F.2d 1107, 1108–1109 n. 10 (D.C. Cir. 1970); 30 Am. Jur. 2d § 1144, p. 320; note, 28 A.L.R.2d 1115, 1155–57. Cf. *State* v. *Perez,* 183 Conn. 225, 228, 439 A.2d 305 (1981).

This court has previously recognized the rule relied upon by the defendant. In *State* v. *Mayell,* 163 Conn. 419, 311 A.2d 60 (1972), this court reversed a conviction which was based primarily upon fingerprint evidence. In *Mayell,* supra, 426, the court reasoned that "[t]he fact that the defendant's fingerprints were on the rearview mirror of the abandoned vehicle, in and of itself, is of no moment. Unless it can be shown that the circumstances are such that the fingerprints could have been impressed only at the time the crime was perpetrated, the presence of the defendant's fingerprints on the rearview mirror does not establish his connection with the crime charged. See *United States* v. *Corso,* 439 F.2d 956, 957 (4th Cir. [1971]); *United States* v. *Jones,* 433 F.2d 1107, 1109n. (D.C. Cir. [1970]); *United States* v. *Collon,* 426 F.2d 939,

942 (6th Cir. [1970]); *Borum* v. *United States,* 380 F.2d 595 (D.C. Cir. [1967]); *Rhoden* v. *State,* 227 So. 2d 349 (Fla. App. [1969]); *Brunson* v. *State,* 9 Md. App. 1, 261 A.2d 794 [1970], following *McNeil* v. *State,* 227 Md. 298, 176 A.2d 338 [1961]; note, 28 A.L.R.2d 1115, 1155–57. It is undisputed that the defendant was regularly employed to drive the vehicle and was rightfully in it six hours before the time the crime was committed. Under these circumstances, the fact that the defendant's fingerprints were found on the vehicle has no probative force."

The state has not contested the validity of the rule relied upon by the defendant, nor has the state attempted to argue that this is a case where the fingerprints could only have been impressed during the commission of the crime. See, e.g., *United States* v. *Cary,* 470 F.2d 469, 471–72 (D.C. Cir. 1972); *United States* v. *Jones,* supra, 1108–1109 n.10. The state was unable to present any evidence dating the defendant's fingerprints or otherwise limiting their impression to the circumstances of the crime.[3] The state, however, has attemped to distinguish this case from those in which the rule has been applied on the ground that there was other evidence upon which the jury could have relied in reaching their verdict against the defendant. The evidence on which the state relies is the victim's description of one of the perpetrators as a short, black male no more than sixteen or seventeen years old.

---

[3] The defendant, on the other hand, presented evidence of the accessibility of the outside of the victim's car to the general public and to the defendant in areas frequented by the defendant. The defendant, of course, was under no obligation to provide an exculpatory explanation for the presence of his fingerprints on the victim's car.

We are not persuaded by the state's argument. Although the description relied upon by the state arguably fits the defendant,[4] it is far too general to provide any corroboration of the fingerprint evidence. That the general description is insufficient to tie the defendant to the crime is readily apparent when it is recalled that the victim, the very one who provided that description, was unable to identify the defendant as the person he described. The rule as enunciated by this court in *State* v. *Mayell,* supra, therefore, applies to this case.

" 'A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent is proof which precludes every reasonable hypothesis except that which it tends to support, and is consistent with the defendant's guilt and inconsistent with any other rational conclusion.' *State* v. *Foord,* 142 Conn. 285, 295, 113 A.2d 591 [1955]; *State* v. *Kelsey,* 160 Conn. 551, 553, 274 A.2d 151 [1970]; *State* v. *Reid,* 154 Conn. 37, 40, 221 A.2d 258 [1966]; *State* v. *Annunziato,* 145 Conn. 124, 136, 139 A.2d 612 [1958]." *State* v. *Mayell,* supra, 427–28. The evidence in the present case does not reasonably exclude the hypothesis that the defendant's fingerprints were placed on the car at a time other than during the perpetration of the crime. The evidence against the defendant was insufficient to sustain the verdict.

There is error, the judgment is set aside and the case is remanded with direction to grant the defendant's motion for acquittal after verdict.

In this opinion the other judges concurred.

---

[4] The defendant, who is black, testified that he was about five feet, six inches tall and was nineteen years of age at the time of trial, which was about six months after the incident.