### STATE OF CONNECTICUT *v.* LUIS A. PEREZ
### (2219)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued June 5—decision released September 3, 1985

---

*Randolph E. Richardson II,* certified law student intern, with whom were *Todd D. Fernow* and, on the brief, *Michael R. Sheldon,* for the appellant (defendant).

*Donald A. Browne,* state's attorney, for the appellee (state).

DALY, J. The defendant was convicted by a jury of larceny in the first degree in violation of General Statutes §§ 53a-119 (8) and 53a-122 (a) (2).[1] The defendant has appealed, claiming that the trial court erred in not granting his motion for judgment of acquittal on the grounds that the state failed to prove the market value of the stolen items or that such a value could not be satisfactorily ascertained.

The jury could readily have found the following facts: On March 20, 1980, the defendant entered a precious metals dealer's store in Westport and offered to sell certain silver items in his possession. While negotiations were under way, the police were notified but did not arrive until after the defendant had received a check in the amount of $1089.85 for certain items and was exiting the premises. The police hailed the defendant who was heading toward an automobile containing a female passenger. The defendant threw into the car pieces of paper upon which the female sat. The defendant was arrested and a search of the defendant and the car unearthed a ladies Wittenauer watch, the check and a receipt from the precious metals dealer, miscellaneous silver items, and a wooden silver storage chest. The victim of a reported burglary was notified, and she identified all the items seized by the police and sold to the dealer as having been stolen from her home in Westport.

---

[1] General Statutes (Rev. to 1979) § 53a-122 (a), in effect in 1980 when the crime took place, provided in pertinent part: "A person is guilty of larceny in the first degree when: . . . (2) the value of the property or service exceeds two thousand dollars."

The check for $1089.95 represented the scrap value of the stolen merchandise which had been purchased from the defendant. The silver-plated flatware in the wooden chest was estimated to have a value of $400 by the state's principal expert, Robert Blackman. Additional items, including the sterling silver pieces which were retrieved from the precious metals dealer were estimated to have a fair market value of $3000 by Blackman. The silver pieces retrieved from the floor of the defendant's automobile were valued between $500 and $600, at fair market value.

"The test employed in determining whether the evidence is sufficient to sustain a verdict is whether the trier could reasonably have concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983)." *State* v. *Davis,* 3 Conn. App. 359, 368, 488 A.2d 837 (1985). Proof beyond a reasonable doubt is that which is consistent with the defendant's guilt and inconsistent with any other rational conclusion or reasonable hypothesis. *State* v. *Payne,* 186 Conn. 179, 184, 440 A.2d 280 (1982). The elements of the crime are to be established by such proof. *State* v. *Festo,* 181 Conn. 254, 259, 435 A.2d 38 (1980). The jury is entitled to draw reasonable and logical inferences from the facts proven, but may not resort to conjecture and speculation. *State* v. *Scielzo,* supra, 196–97; *State* v. *Dumlao,* 3 Conn. App. 607, 612–13, 491 A.2d 404 (1985). When reviewing the jury's verdict, the evidence presented at the trial must be given a construction most favorable to sustaining it. *State* v. *Scielzo,* supra, 196.

Because the defendant was charged under General Statutes § 53a-122 (a) (2), the state was required to

adduce sufficient evidence to justify the finding by the trier that the value of the property stolen by the defendant exceeded $2000. General Statutes § 53a-121 (a) (1) provides that "value means the market value of the property or services at the time and place of the crime or, if such cannot be satisfactorily ascertained, the cost of replacement of the property or services within a reasonable time after the crime." A conviction for larceny in the first degree cannot stand if the state did not offer sufficient evidence that the value of the items stolen by the defendant exceeded $2000. *State* v. *Baker,* 182 Conn. 52, 62, 437 A.2d 843 (1980).

Market value has been defined as " ' "the price that would in all probability—the probability being based upon the evidence in the case—result from fair negotiations, where the seller is willing to sell and the buyer desires to buy." ' *O'Brien* v. *Board of Tax Review,* 169 Conn. 129, 138, 362 A.2d 914 (1975)." *State* v. *Cochran,* 191 Conn. 180, 190, 463 A.2d 618 (1983).

The state's expert witness, Blackman, a gemologist, placed a fair market value of $3400 on the silver, silver plate and the watch. On cross-examination, he testified that this was replacement value not as new, but the cost of going out and buying the items "as is."[2] The defendant claims that the appraisal was based on replacement cost and not on market value.

---

[2] The transcript reveals the following exchange:

"Q. [By Defense Counsel] Well, I guess I am having trouble understanding it. You're saying then that market value with regard to these items here means the cost of going out and buying these items new? Or is it the cost of going out and buying these items as is at the time?

"A. [By Blackman] I would say going out and buying these items in a store.

"Q. As is or as they are today?

"A. As is. Yes sir.

"Q. All right. Meaning as these items appear right now that would be the market value would be the cost of going out and buying them?

"A. Fair market value. Yes, Sir."

It is clear that Blackman, in light of the wording of the question posed to him, was testifying to what the silver and silver plate were worth used, that is, what it would cost the victim of the burglary to purchase them as used silver and silver plate. Blackman testified as to fair market value on direct examination. The defendant concedes, moreover, that the jury was properly instructed by the court on value. *State* v. *Paoletto,* 181 Conn. 172, 183–84, 434 A.2d 954 (1980). In reviewing the testimony in question, we cannot conclude that Blackman's appraisal was based on anything other than market value. The jury could reasonably have concluded that the defendant was guilty of first degree larceny beyond a reasonable doubt.

There is no error.

In this opinion the other judges concurred.