STATE OF CONNECTICUT *v.* ANTONIO OSMAN
(14014)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued February 14—decision released April 30, 1991

*Dana E. Shaw* and *Donna M. Gesualdi,* certified legal intern, with whom were *Timothy H. Everett* and, on the brief, *Michael R. Sheldon* and *Todd D. Fernow,* for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Warren Maxwell,* senior assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Antonio Osman, was convicted by a jury, as charged in a two count information, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (3).[1] He appealed to the Appellate Court the trial court's refusal to set aside the jury's verdict and to render a judgment

---

[1] General Statutes § 53a-134 (a) (3) provides: "ROBBERY IN THE FIRST DEGREE: CLASS B FELONY. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . (3) uses or threatens the use of a dangerous instrument."

"[General Statutes] Sec. 53a-48. CONSPIRACY. RENUNCIATION. (a) A person is guilty of conspiracy when, with intent that conduct constituting a

of acquittal on both counts of the information. In his appeal he claimed that there was insufficient evidence presented at trial to identify him as a participant or conspirator in the robbery charged and that a pellet gun he had allegedly used in the robbery was not a dangerous instrument as defined by General Statutes § 53a-3 (7).[2]

The Appellate Court agreed with the defendant that the pellet gun was not a dangerous instrument as charged in the first count of the information and as required for a conviction of robbery in the first degree under § 53a-134 (a) (3). *State* v. *Osman*, 21 Conn. App. 299, 307, 573 A.2d 743 (1990). A divided court determined, however, that the evidence was sufficient to prove beyond a reasonable doubt the identification of the defendant as a participant in the robbery. Id., 303–305. The Appellate Court consequently remanded the case to the trial court with direction to set aside the judgment of guilty of robbery in the first degree on the first count and to render a judgment of guilty of robbery in the third degree in violation of General Statutes § 53a-136[3] and to resentence the defendant

crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy.

"(b) It shall be a defense to a charge of conspiracy that the actor, after conspiring to commit a crime, thwarted the success of the conspiracy, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose."

[2] General Statutes § 53a-3 (7) provides: "DEFINITIONS. Except where different meanings are expressly specified, the following terms have the following meanings when used in this title

\* \* \*

"(7) 'Dangerous instrument' means any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury, and includes a 'vehicle' as that term is defined in this section."

[3] "[General Statutes] Sec. 53a-136. ROBBERY IN THE THIRD DEGREE: CLASS D FELONY. (a) A person is guilty of robbery in the third degree when he commits robbery.

"(b) Robbery in the third degree is a class D felony."

accordingly. Id., 314. As to the second count of the information, a majority of the court found that a tire iron wielded by an alleged coparticipant and coconspirator in the robbery had been, as utilized, a dangerous instrument, and that its possession was adequately charged and instructed upon, and sufficed to support the jury's verdict that the defendant was guilty of conspiracy to commit robbery in the first degree.[4] Id., 309.

We granted certification limited to the following issues: "(1) Did the Appellate Court correctly conclude that the evidence adduced at trial to prove identification was sufficient to sustain, logically and beyond a reasonable doubt, the jury's guilty verdict on first degree robbery and conspiracy to commit first degree robbery?[5] (2) Did the Appellate Court correctly determine that evidence of a coparticipant's use or threatened use of a tire iron was sufficient to sustain the defendant's conviction of conspiracy to commit first degree robbery, in violation of [General Statutes] §§ 53a-48 and 53a-134 (a) (3), where that theory of liability was neither charged in the information nor instructed upon at trial?" *State* v. *Osman,* 216 Conn. 801, 577 A.2d 717 (1990).

The robbery that precipitated the charges against the defendant occurred at a Cumberland Farms convenience store in Manchester on May 11, 1986, at

---

[4] The alleged coparticipant in the robbery was not tried with the defendant.

[5] As to the first count of the information, the Appellate Court actually concluded that the evidence supported only a conviction of robbery in the third degree in violation of General Statutes § 53a-136. The certification granted is therefore inaccurate to the extent that it indicates that the Appellate Court sustained the trial court's judgment that the defendant was guilty of robbery in the first degree. The real question in the first issue certified, however, is whether there was sufficient evidence elicited at trial to prove the identification of the defendant as a participant in the robbery and conspiracy. The unfortunate scrivener's error in the first issue certified is therefore immaterial to our decision.

approximately 9:15 p.m. At that time, two young males, one armed with a pellet gun and the other with a tire iron, entered the store, threatened the husband and wife tending the store and escaped with money from the cash register. One of the men wore a Halloween mask and the other had a bandanna covering his face. Neither victim was able to identify either of the participants in the robbery. All the evidence linking the defendant to the crime, therefore, was circumstantial.

There is no distinction between circumstantial and direct evidence so far as probative force is concerned. *State* v. *Smith,* 212 Conn. 593, 599, 563 A.2d 671 (1989); *State* v. *Uretek, Inc.,* 207 Conn. 706, 715, 543 A.2d 709 (1988); *State* v. *Walker,* 206 Conn. 300, 315–16, 537 A.2d 1021 (1988); *State* v. *Magnano,* 204 Conn. 259, 287, 528 A.2d 760 (1987); *State* v. *Rodgers,* 198 Conn. 53, 58, 502 A.2d 360 (1985); *State* v. *D'Antuono,* 186 Conn. 414, 421, 441 A.2d 846 (1982). Further, the evidence presented at trial must be construed in a fashion most favorable to sustaining the jury's verdict. *State* v. *Mandrell,* 199 Conn. 146, 154, 506 A.2d 100 (1986); *State* v. *Haddad,* 189 Conn. 383, 387, 456 A.2d 316 (1983); *State* v. *Brice,* 186 Conn. 449, 459, 442 A.2d 906 (1982); *State* v. *Jackson,* 176 Conn. 257, 262, 407 A.2d 948 (1978); *State* v. *Brunori,* 22 Conn. App. 431, 435, 578 A.2d 139, cert. denied, 216 Conn. 814, 580 A.2d 61 (1990). We also acknowledge that the trial court's findings of fact are entitled to great weight and that a conviction based on the facts found by the trier will be affirmed if the trier of fact "could reasonably have inferred [from the evidence] that the defendant was guilty beyond a reasonable doubt." *State* v. *Cobbs,* 203 Conn. 4, 7, 522 A.2d 1229 (1987); *State* v. *Mandrell,* supra, 153–54; *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983); *State* v. *D'Antuono,* supra, 421; *State* v. *Perez,* 182 Conn. 603, 607, 438 A.2d 1149 (1981).

The trial court's findings of fact are not conclusive, however, and we will reverse a judgment where the state's evidence is improbable and unconvincing and where all the facts found are insufficient to prove the guilt of the defendant beyond a reasonable doubt. *State* v. *Cobbs,* supra, 11, 13; *State* v. *Mandrell,* supra, 154; *State* v. *Payne,* 186 Conn. 179, 184, 440 A.2d 280 (1982); *State* v. *Mayell,* 163 Conn. 419, 427–28, 311 A.2d 60 (1972); *State* v. *Kelsey,* 160 Conn. 551, 553–54, 274 A.2d 151 (1970). The case where that occurs is rare, and rightfully so, because of the great deference afforded the factual findings of the trier. This, however, is one of those rare cases.

Because the facts are set forth at great length and detailed and dissected in both the majority and dissenting opinions in *State* v. *Osman,* supra, 21 Conn. App. 299, it would be gilding the lily and serve no useful precedential purpose to repeat them here. Suffice it to say that our review of the record convinces us that the cumulative effect of the evidence elicited at the defendant's trial was insufficient to establish beyond a reasonable doubt the defendant's identity as one of the two young men who robbed the Cumberland Farms convenience store in Manchester on May 11, 1986. To have arrived at its decision that the defendant was one of the robbers, the jury would have had to resort to speculation and conjecture and to have drawn unwarranted inferences from the facts presented. When that occurs, the jury's verdict must be set aside. *State* v. *Cobbs,* supra, 13; *State* v. *Mandrell,* supra, 154; *State* v. *Haddad,* supra, 388; *State* v. *Payne,* supra, 184; *State* v. *Mayell,* supra, 428; *State* v. *Brunori,* supra, 440. Our resolution of the first certified issue makes it unnecessary that we consider the second issue certified.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to remand the case to the trial court with direction to ren-

der judgment that the defendant is not guilty of the charges contained in the two counts of the information on which he was tried or of any lesser included offenses thereof, and to order that the defendant be discharged.